IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH TODD MORGAN, | CV 23-02-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| C.O. RIZZI AND C.O. SCOTT, | |
| Defendants. | |

This Court previously advised Plaintiff that he must, at all times, immediately advise the Court and opposing counsel of any change of address, and that failure to do so may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Docs. 13, 16 and 21.) Mail addressed to Morgan by the Court and Defendants has been returned as undeliverable. (Docs. 22 and 26.) Defendants have moved for dismissal. (Doc. 23.)

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005). Morgan's Complaint will be dismissed.

1

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Morgan has failed to update his address or otherwise move this litigation forward. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Morgan refuses to comply with the Court's orders. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447,

2

1452-53 (9th Cir. 1994). Defendants have appeared, answered, and now moved for dismissal. They cannot manage their defense if Morgan fails to cooperate with Court orders or prosecute his action.

The Court has considered less drastic alternatives. Morgan has failed to comply with the Court's order to update his address, and therefore, this litigation cannot even take its first step. At this juncture, the Court can envision no further alternatives to dismissal.

Accordingly, it is hereby **ORDERED:**

1. Defendant's motion to dismiss is GRANTED. (Doc. 23.) Morgan's Complaint (Doc. 2) is DISMISSED for failure to prosecute. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Morgan's filing of this action counts as one strike against him.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 9th day of August, 2023.

_____
Dana L. Christensen, District Judge
United States District Court